United States District Court
Southern District of Texas
ENTERED
October 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| B.G.N.V., a minor by and through his Next Friend, E.V.V., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8418 |
| | § | |
| ROBERT F. KENNEDY, JR., et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

B.G.N.V. ("Petitioner"), a citizen of Honduras, entered the United States as an unaccompanied minor in 2023.[1] Upon his arrival to the United States, Petitioner was placed in Office of Refugee Resettlement ("ORR"') custody.[2] ORR investigated Petitioner's mother and her household, determined that reunification served his best interests, and released him to her care.[3] In November of 2025 Petitioner was arrested for driving while intoxicated.[4] He pleaded guilty to the misdemeanor offense and served a twenty-day sentence in county jail.[5] Upon Petitioner's release from county jail on April 4, 2026, he was taken into Immigration and Customs Enforcement ("ICE")

---

[1]Memorandum of Law in Support of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Docket Entry No. 17, p. 11. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Id.

[4]Id.

[5]Id.

custody.[6] ICE then transferred him to ORR custody.[7] Before Petitioner could be released from ORR custody to his mother, she was required to submit another sponsorship application.[8] On July 18, 2026, each step of Petitioner's mother's sponsorship application was completed, including fingerprinting, background checks, and a home study.[9]

On July 21, 2026, ORR produced a Danger Assessment for Petitioner.[10] Four professionals recommended reunification and one professional recommended denying reunification, finding that Petitioner was "a danger to the community" who showed "a blatant disregard for the law."[11] Based on the Danger Assessment ORR issued a negative recommendation regarding Petitioner's release to his sponsor.[12] When asked about the status of Petitioner's mother's sponsorship application in August, ORR replied that it "remains pending further review by ORR HQ".[13] ORR has not issued a final decision on Petitioner's mother's completed sponsorship application and Petitioner remains

---

[6] Id. at 12.

[7] Id.

[8] Id. Although ORR had investigated and approved Petitioner's mother as a sponsor in December 2023, it required her to reapply.

[9] Id. at 12, 21.

[10] Danger Assessment, Exhibit 18 to Declaration of Alexa Sendukas in Support of Petitioner's Petition for Writ of Habeas Corpus, Docket Entry No. 2-18, pp. 2–10 (sealed).

[11] Id.

[12] Email from ORR to Petitioner's Counsel, Exhibit 8 to Declaration of Alexa Sendukas in Support of Petitioner's Petition for Writ of Habeas Corpus, Docket Entry No. 2-8, p. (sealed);

[13] Id. at 11; Memorandum of Law in Support of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Docket Entry No. 17, p. 12.

in ORR custody.[14] On October 8, 2026, Petitioner will become eighteen years old and will be transferred to ICE custody.[15]

On September 25, 2026, Petitioner filed his Emergency Petition for a Writ of Habeas Corpus (Docket Entry No. 1). Pending before the court is Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Docket Entry No. 16). Petitioner argues that his detention without a final decision on his mother's completed sponsorship application violates the Trafficking Victims Protection Reauthorization Act ("TVPRA") and ORR's binding procedures.[16]

To obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent relief, (3) that the threatened injury outweighs any harm the relief may cause the defendant, and (4) that the relief serves the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009).[17] Petitioner has a likelihood of success on the merits on his TVPRA claim. The TVPRA requires ORR to place children promptly in the least restrictive setting consistent with their best interest. 8 U.S.C. § 1232(c)(2)(A). Consistent with that mandate, ORR's regulations and policies require a decision on "a completed application from a parent or legal guardian" "within ten calendar days of receipt, absent an unexpected delay." 45 C.F.R. § 410.1205(b). If an application remains pending ninety days after

---

[14]Memorandum of Law in Support of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Docket Entry No. 17, p. 14.

[15]Id.

[16]Memorandum of Law in Support of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Docket Entry No. 17, p. 15.

[17]Although Petitioner requests a Temporary Restraining Order, the court declines to grant one because Petitioner has failed to meet the requirements of Rule 65(b) of the Federal Rules of Civil Procedure.

the child enters ORR custody, supervisory review is required. That review must timely identify and resolve whatever is preventing a decision. 45 C.F.R. § 410.1207(a). ORR has not complied with its policies and regulations. Petitioner has been in ORR custody since April 4, 2026, and Petitioner's mother's sponsorship application has been completed since July 18, 2026.[18] When asked about the delay in Petitioner's case, ORR responded that his case had been remanded to "ORR HQ" and "remains pending further review."[19] Although ORR policy permits remand to the case manager to obtain additional information needed for a final decision, here, ORR sent the application to headquarters, identified no missing information, and undertook no apparent additional investigation.[20] ORR's delay will result in substantial threat of irreparable injury absent relief. Because Petitioner turns eighteen on October 8, 2026, ORR's delay increases the likelihood that Petitioner will be transferred to ICE custody, thus eliminating any chance he has to be reunited with his mother.

The balance of hardships and the public interest also weigh in Petitioner's favor. "[T]he Government can't make a cognizable claim of harm from an injunction when it perpetuates an action that violates statutory . . . protections." Aboretugn v. Cole, CIVIL ACTION NO. 5:26-cv-00153, 2026 WL 1999299, at *14 (S.D. Tex. June 17, 2026). Returning Petitioner to his mother would impose no cognizable hardship on Respondents. Moreover, the public has a strong interest in ORR's

---

[18]Memorandum of Law in Support of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Docket Entry No. 17, pp. 12, 21.

[19]Id. at 13.

[20]Id. at 21.

compliance with its own policies and regulations. Louisiana v. Biden, 55 F.4th 1017, 1035 (5th Cir. 2022).

For the reasons explained above, Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Docket Entry No. 16) is **GRANTED in part**.

Accordingly, it is hereby **ORDERED** that:

(1) Respondents shall release Petitioner from the custody of the Office of Refugee Resettlement and reunify him with his mother by 9:00 a.m. October 5, 2026;

(2) Respondents shall not transfer Petitioner to Immigration Customs Enforcement custody, or to any other federal, state, or local detention facility, pending final resolution of this action;

(3) Respondents shall file a status report by 1:00 p.m. October 5, 2026; and

(4) Petitioner is not required to provide security under Federal Rule of Civil Procedure 65(c).

The court will conduct a status and scheduling conference on October 6, 2026, at 11:00 a.m. in Courtroom 9B.

**SIGNED** at Houston, Texas, on this 2nd day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE