United States District Court
Southern District of Texas
ENTERED
October 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| B.G.N.V., a minor by and through his Next Friend, E.V.V., | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-26-8418 |
| ROBERT F. KENNEDY, JR., et al., | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

On September 29, 2026, Petitioner filed his Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Docket Entry No. 16), arguing that his detention without a final decision on his mother's completed sponsorship application violated the Trafficking Victims Protection Reauthorization Act ("TVPRA") and ORR's binding procedures.[1] On October 2, 2026, the court entered a memorandum opinion and order granting Petitioner's Motion for a Temporary Restraining Order in part, and ordering Respondents to release Petitioner to the custody of this mother.[2] On October 4, 2026, Respondents released Petitioner to the custody of his mother.[3]

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate

---

[1]Memorandum of Law in Support of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Docket Entry No. 17, p. 15. For the purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Memorandum Opinion and Order, Docket Entry No. 28, p. 5.

[3]Status Update, Docket Entry No. 33, p. 1.

the plaintiff's claims. Home Builders Assoc' of Miss., Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." Honig v. Doe, 108 S. Ct. 592, 601 (1988). "Mootness has two aspects: 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 100 S. Ct. 1202, 1208 (1980) (quoting Powell v. McCormack, 89 S. Ct. 1944, 1951 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988) (citations omitted).

Because Petitioner is no longer in custody, this case is moot. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 13th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE